J. GOLDSMITH & BROTHER V. PHILIP ALEXANDER, *et al.*, Defendants. CASPER CARTER, Intervener, Appellant.

JUDGMENT LIEN held superior to a claim of equitable title to land.

*Appeal from Clarke District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, MAY 23, 1895.

Action in equity. Decree for plaintiffs. Intervener appeals.— *Affirmed.*

*W. B. Tallman* for appellee.

*McIntire Bros. & Jamison* and *Temple & Hardinger* for appellees.

Kinne, J.—I. Plaintiffs, who held a judgment against Philip Alexander and his wife, defendants in this action, filed a bill in equity asking that certain real estate which they averred was owned

and occupied by said defendants be decreed to be subject to the lien of their judgment. Intervener claims that he is the owner in equity of said real estate by reason of the following facts: That Philip Alexander and himself were in partnership, under the firm name and style of Casper, Carter & Co.; that Alexander had no interest in the firm except a working interest; that intervener furnished all the money and credit of said firm, and Alexander was to receive for his services and time one-half of the profits arising from said business; that the payments made on said real estate under the contract for its purchase were made by said firm, and out of its funds; that said contract was on August 1, 1888, assigned to said firm, and said Eleanor Alexander, in whose name said contract of purchase had been taken, in fact had no interest in said real estate, and paid no part of the purchase price thereof; that the firm business was not successful, and there was no profits or dividends due Philip Alexander, and intervener is the owner of all the business and interest of said firm, including said contract. He asks that title be decreed to be to him. Plaintiffs, replying to intervener's petition, in substance denied all of its allegations. The court entered a decree for plaintiffs. Intervener appeals. ·

II. The facts, as we find them in this case, are that in 1890 plaintiffs recovered a judgment against defendants; that, after the debt was contracted for which judgment was rendered, said defendants contracted in writing for the purchase of certain lots in the city of Osceola, Iowa, for the price of six hundred and fifty dollars, and in the name of the defendant Eleanor Alexander; that said defendants entered into the possession of said property, and occupied it as their homestead; that they kept their contract off of the record; that Philip Alexander has paid upon said property about the sum of three hundred and fifty dollars; in 1891 defendants contracted to sell said real estate for one thousand dollars, and the purchaser paid part of said purchase price; that intervener, Carter, has no interest in the property whatever, and the same is the property of the Alexanders, the defendants; that plaintiffs' judgment was properly decreed to be a lien upon said lots. We need not and cannot consider in detail the evidence. It establishes the above and other facts, and in all respects fully justified the decree entered in the lower court.— *Affirmed.*